UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SONYA USHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:24-CV-00118-SPM |
| | ) |
| FRANK BISIGNANO, | ) |
| Commissioner of Social Security,[1] | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This is an action under 42 U.S.C. § 405(g) for judicial review of the final decision of Defendant Frank Bisgnano, Commissioner of Social Security (the "Commissioner") denying the application of Plaintiff Sonya Usher ("Plaintiff") for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, (the "Act"). The parties consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). (ECF No. 8). Because I find the decision denying benefits was not supported by substantial evidence, I will reverse the Commissioner's denial of Plaintiff's application and remand the case for further proceedings.

---

[1] Frank Bisignano is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano is substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

I.     FACTUAL AND PROCEDURAL BACKGROUND

The Court accepts the facts as set forth in the parties' respective statements of fact. Briefly, in November of 2015, Plaintiff was playing on monkey bars with her grandchildren when she fell and fractured her left leg. She underwent surgery in December 2015. Over the next several months, she saw an orthopedic doctor and a physical therapist on several occasions for treatment of symptoms including ongoing leg pain, inability to bear weight on her left leg, reduced knee strength, and reduced range of motion. By the time of her last physical therapy appointment in April 2016, she was noted to be 50% to 75% of the way toward achieving her goals. She did not receive subsequent treatment, which she testified was because she did not have insurance. She continued with home exercises. She testified that she had significant limitations in her ability to stand, walk, lift, and use stairs at the end of her period of treatment for her broken leg, some of which continued for several years.

On July 1, 2019, Plaintiff applied for DIB, alleging that she had been unable to work since November 8, 2015. (Tr. 135-41). Her application was denied initially and on reconsideration, and she requested review by an Administrative Law Judge ("ALJ"). (Tr. 48-67). On November 16, 2020, following a hearing, the ALJ issued a decision finding Plaintiff not disabled. (Tr. 7-20). The Appeals Council denied Plaintiff's request for review. (Tr. 1-4). Plaintiff appealed the October 2020 ALJ decision to the United States District Court. On March 30, 2023, the district court remanded the case for further proceedings, finding the RFC was not supported by "some medical evidence" that addressed Plaintiff's ability to function in the workplace. *Usher v. Kijakazi*, No. 1:21-CV-00097-MTS, 2023 WL 2707443, at *2-*3 (E.D. Mo. Mar. 30, 2023). On February 22, 2024, following a second hearing, the ALJ again found Plaintiff was not disabled. (Tr. 357-74). Because this case was previously remanded by a federal court, and because Plaintiff did not file

exceptions with the Appeals Council and the Appeals Council did not otherwise assume jurisdiction, the decision of the ALJ stands as the final decision of the Commissioner of the Social Security Administration. *See* 20 C.F.R. § 404.984(d).

## II.  STANDARD FOR DETERMINING DISABILITY UNDER THE ACT

To be eligible for benefits under the Social Security Act, a claimant must prove he or she is disabled. *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Sec'y of Health & Hum. Servs.*, 955 F.2d 552, 555 (8th Cir. 1992). Under the Social Security Act, a person is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). *Accord Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The impairment must be "of such severity that he [or she] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he [or she] lives, or whether a specific job vacancy exists for him [or her], or whether he [or she] would be hired if he [or she] applied for work." 42 U.S.C. § 423(d)(2)(A).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process. 20 C.F.R. § 404.1520(a); *see also McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011) (discussing the five-step process). At Step One, the Commissioner determines whether the claimant is currently engaging in "substantial gainful activity"; if the claimant is, then the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(i); *McCoy*, 648 F.3d at 611. At Step Two, the Commissioner determines whether the claimant has "a severe medically determinable physical or

3

mental impairment that meets the [twelve-month duration requirement in § 404.1509], or a combination of impairments that is severe and meets the duration requirement"; if the claimant does not have a severe impairment, the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(ii); *McCoy*, 648 F.3d at 611. To be severe, an impairment must "significantly limit[] [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). At Step Three, the Commissioner evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. § 404.1520(a)(4)(iii); *McCoy*, 648 F.3d at 611. If the claimant has such an impairment, the Commissioner finds the claimant disabled; if not, the Commissioner proceeds with the rest of the five-step process. 20 C.F.R. § 404.1520(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the Commissioner assesses the claimant's residual functional capacity ("RFC"), 20 C.F.R. § 404.1520(a)(4), which is "the most [a claimant] can still do despite [his or her] limitations," 20 C.F.R. § 404.1545(a)(1). *See also Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009). At Step Four, the Commissioner determines whether the claimant can return to his or her past relevant work by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his or her past relevant work, the claimant is not disabled; if the claimant cannot, the analysis proceeds to the next step. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f); *McCoy*, 648 F.3d at 611. At Step Five, the Commissioner considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant is found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 404.1560(c)(2); *McCoy*, 648 F.3d at 611.

4

Through Step Four, the burden remains with the claimant to prove that he or she is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that, given the claimant's RFC, age, education, and work experience, there are a significant number of other jobs in the national economy that the claimant can perform. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir. 2012); 20 C.F.R. § 404.1560(c)(2).

### III. THE ALJ'S DECISION

Applying the foregoing five-step analysis, the ALJ here found that Plaintiff last met the insured status requirements of the Act on December 31, 2025; that Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of November 8, 2015, through her date last insured of December 31, 2015; that Plaintiff had the severe impairment of left tibia fracture; and that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 362-64). The ALJ found that Plaintiff had the following RFC:

> [T]hrough the date last insured, the claimant had the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except she must not have lifted and/or carried more than fifty (50) pounds occasionally and more than twenty-five (25) pounds frequently. She must not have stood or walked more than six (6) hours in an eight-hour (8) workday. She must not have sat more than six (6) hours in an eight-hour (8) workday. She must have avoided walking or standing on uneven terrain. She must have avoided walking more than two hundred (200) feet at one time. She must have avoided kneeling or crawling. She must have not used her left leg for pushing and/or pulling activity. She must not have used pedals or treadles.

(Tr. 364). At Step Four, the ALJ found Plaintiff was unable to perform her past relevant work as a machine operator and truck driver. (Tr. 367-68). At Step Five, relying on the testimony of a vocational expert, the ALJ found that through the date last insured, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed, including representative occupation such as food service, hand packer, and cleaner. (Tr. 368-69).

5

Accordingly, the ALJ determined that Plaintiff was not under a disability at any time between November 8, 2015, through December 31, 2015. (Tr. 369).

## IV. Standard for Judicial Review

The decision of the Commissioner must be affirmed if it "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009) (quoting *Ford v. Astrue*, 58 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. § 405(g). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Pate-Fires*, 564 F.3d at 942 (quotation marks omitted). *See also Biestek*, 587 U.S. at 103 ("Substantial evidence . . . means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (quoting *Consol. Edison*, 305 U.S. at 229).

In determining whether substantial evidence supports the Commissioner's decision, the court considers both evidence that supports that decision and evidence that detracts from that decision. *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir. 2012). However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* at 1064 (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings,

6

the court must affirm the ALJ's decision." *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

The Court reviews de novo whether the Commissioner's determination was based on legal error. *Dewey v. Astrue*, 509 F.3d 447, 449 (8th Cir. 2007) (citing *Miles v. Barnhart*, 374 F.3d 694, 698 (8th Cir. 2004)); *Keller v. Shalala,* 26 F.3d 856, 858 (8th Cir. 1994)). "Legal error may be an error of procedure, the use of erroneous legal standards, or an incorrect application of the law." *Collins v. Astrue,* 648 F.3d 869, 871 (8th Cir. 2011) (internal citations omitted).

## V.   DISCUSSION

Plaintiff challenges the ALJ's decision on two grounds, arguing that (1) the RFC is not supported by substantial evidence, including some medical evidence; and (2) the decision lacks a proper pain evaluation.

The Court begins with Plaintiff's argument is that the RFC is not supported by substantial evidence, including some medical evidence. Plaintiff argues that the current record involves the same evidence that was found insufficient following the previous review by the district court, with no new evidence having been added regarding Plaintiff's physical functional abilities. She argues that ALJ failed to fully and fairly develop the record and that the RFC is still not supported by "some medical evidence" that addresses Plaintiff's physical ability to function in the workplace.

After careful review of the record and the parties' briefs, the Court agrees with Plaintiff. "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." *Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017) (quotation marks omitted). Additionally, "Well-settled precedent confirms that the ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press his case." *Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004)

7

(citing *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000), and *Landess v. Weinberger*, 490 F.2d 1187, 1188 (8th Cir. 1974)). "An ALJ is required to obtain additional medical evidence if the existing medical evidence is not a sufficient basis for a decision." *Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir. 1994).

Despite the fact that the absence of medical evidence supporting the RFC was the basis for the prior remand (and is the principal argument in Plaintiff's brief), the Commissioner does not explain how the RFC is supported by "some medical evidence," nor is it apparent to the Court after review of the record. Although the new RFC assessment includes some additional limitations on the range of medium work Plaintiff can perform that were not present in the first RFC assessment, there is still no medical opinion evidence or other medical evidence in the record addressing Plaintiff's ability to perform work-related activities. Instead, as was the case at the time of the prior remand, the only functional evidence in the record is Plaintiff's testimony that she had limitations inconsistent with the RFC—for example, that she could not lift 20 pounds without help (Tr. 33) and that, by the end of her course of physical therapy in April 2016, she could stand for only ten minutes (Tr. 395). *See Usher v. Kijakazi*, No. 1:21-CV-00097-MTS, 2023 WL 2707443, at *2 (E.D. Mo. Mar. 30, 2023) ("[H]ere, not only does the record lack medical opinion evidence regarding Plaintiff's functional capacity, the record also lacks any functional evidence supporting the RFC. . . . The only functional evidence in the record is Plaintiff's testimony that she *cannot* carry more than twenty pounds by herself and that even ten pounds becomes a little challenging. While the ALJ is free to make credibility determinations on a claimant's self-reported limitations—when giving due regard for the factors that should be considered when assessing the consistency of a claimant's symptoms with the medical evidence—there is no other evidence in the record on Plaintiff's ability to carry anything.") (internal citations omitted).

8

The Court acknowledges that the absence of relevant medical opinion evidence does not necessarily indicate the absence of "some medical evidence." In some cases, mild or unremarkable objective medical findings and other medical evidence may constitute sufficient medical support for an RFC finding, even in the absence of any medical opinion evidence directly addressing the Plaintiff's ability to function in the workplace. *See, e.g., Hensley v. Colvin*, 829 F.3d 926, 929-34 (8th Cir. 2016) (upholding the ALJ's finding that the plaintiff could perform sedentary work despite the absence of specific medical opinion evidence; finding "adequate medical evidence of [the plaintiff's] ability to function in the workplace" where the plaintiff's treating physician found that the plaintiff was in no acute distress and had a normal knee exam and gait; another physician found that his knee assessment was normal and he had "full knee range, good lower limb and spinal flexibility"; and the plaintiff reported greatly reduced or nonexistent knee and back pain after treatment). Here, however, the record does not contain generally mild or unremarkable objective findings or other medical evidence that tends to support the RFC. Although the record is limited, the medical evidence from the treatment notes appears to be inconsistent with an ability to perform work at the level of the RFC. For example, at her last physical therapy appointment, it was noted that Plaintiff was using crutches, was non-weightbearing, occasionally did toe-touch weight bearing for balance, was 50% of the way toward the goal of ambulating without devices or precautions and without gait deviation, was 50% of the way toward achieving the goal of left lower extremity strength of 5/5, and was 75% of the way toward the goal of achieving full left knee range of motion. (Tr. 276). These findings do not support a finding that Plaintiff could stand and/or walk for six hours a day or lift 25 pounds frequently.

The Court also acknowledges that, as Defendant points out, "an ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record

9

provides a sufficient basis for the ALJ's decision." *Kamann v. Colvin*, 721 F.3d 945, 950 (8th Cir. 2013) (quoting *Naber v. Shalala,* 22 F.3d 186, 189 (8th Cir. 1994)). However, the cases cited by Defendant for this proposition are easily distinguishable because they involved much more evidence addressing the plaintiff's functional abilities than is present here. *See Kamann*, 721 F.3d at 950 (ALJ did not fail to develop the record with regard to the plaintiff's mental impairments where, in addition to the evidence produced by the plaintiff, the Social Security Administration ordered a psychological evaluation and two additional reviews by agency psychologists); *Tellez v. Barnhart*, 403 F.3d 953, 956-57 (8th Cir. 2005) (ALJ did not fail to develop the record where the record contained opinions from the plaintiff's treating psychiatrist and nurse practitioner and three assessments from the plaintiff's employers addressing her behavior in the workplace); *Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005) (ALJ did not fail to develop the record when he declined to give controlling weight to a treating physician's opinion because it was conclusory without re-contacting him to clarify his opinion; noting that "the ALJ did give some credit to [the doctor's] medical opinions").

In sum, because the ALJ's RFC assessment was not informed and supported by "some medical evidence" in the record that addressed Plaintiff's ability to function in the workplace, this case must be reversed and remanded for further consideration. *See Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001). On remand, the ALJ should further develop the record regarding Plaintiff's ability to function during the relevant time frame, perhaps by contacting one of Plaintiff's treating physicians, ordering a consultative examination, or obtaining the services of a medical consultant to review Plaintiff's medical records and offer an opinion.

Because the Court finds remand is required, the Court need not address Plaintiff's argument that the ALJ did not conduct a proper pain evaluation. However, the Court notes that in evaluating

Plaintiff's complaints of pain on remand, the ALJ should address the relevant factors set forth in the relevant regulations and case law, including considering how Plaintiff's testimony that she did not have insurance and was not able to afford ongoing treatment.

### VI.  CONCLUSION

For the reasons set forth above, the Court finds that the decision of the Commissioner is not supported by substantial evidence. Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the Commissioner of Social Security is **REVERSED** and that this case is **REMANDED** under Sentence Four of 42 U.S.C. § 405(g) for reconsideration and further proceedings consistent with this opinion.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 17th day of September, 2025.